UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROMERA HEALTH, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>VIREO SYSTEMS, INC. and BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,<br><br>        Defendants, | Civil Action No. 15-10595 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

For its complaint against defendants Vireo Systems, Inc. ("Vireo") and the Board of Regents of the University of Nebraska ("University") (collectively "defendants"), plaintiff, ProMera Health, LLC ("ProMera"), alleges as follows:

1.    ProMera seeks a declaratory judgment that it does not infringe any valid claim of U.S. Patent No. 8,354,450 ("the '450 patent"), entitled "Creatine oral supplementation using creatine hydrochloride salt," which issued on or about January 15, 2013. A true and correct copy of the '450 patent is attached as Exhibit 1. The inventors named on the face of the '450 patent are Donald W. Miller, Jonathan L. Vennerstrom, and Mark C. Faulkner. The alleged assignees are Vireo and the University. The Abstract of the '450 patent describes the invention as follows: "The present invention is directed to a third generation form of creatine, specifically a creatine hydrochloride salt, that drives significant improvements in muscle development and recovery due to its enhanced bio-availability, while causing fewer negative side effects compared to previous forms of creatine."

2. ProMera further seeks a declaratory judgment that it does not infringe any valid claim of U.S. Patent No. 8,962,685 ("the '685 patent"), entitled "Creatine oral supplementation using creatine hydrochloride salt," which issued on or about February 24, 2015. A true and correct copy of the '685 patent is attached as Exhibit 2. The inventors named on the face of the '685 patent are Donald W. Miller, Jonathan L. Vennerstrom, and Mark C. Faulkner. The alleged assignees are Vireo and the University. The Abstract of the '685 patent describes the invention as follows: "The present invention is directed to a third generation form of creatine, specifically a creatine hydrochloride salt, that drives significant improvements in muscle development and recovery due to its enhanced bio-availability, while causing fewer negative side effects compared to previous forms of creatine."

3. ProMera also seeks a declaratory judgment that its use of its federally registered CON-CRET and CON-CRET REINFORCED trademarks has not and does not infringe or otherwise interfere with the asserted rights of Vireo, and ProMera's acts have not violated and do not violate any other rights of Vireo arising from federal or state laws relating to trademark infringement, unfair competition, or deceptive trade practices, including without limitation Sections 32 and 43(a) of the Lanham Act 15 U.S.C. §§ 1114 and 1125(a), or the statutory or common law of the Commonwealth of Massachusetts or the laws of other states.

**PARTIES**

4. ProMera is a Massachusetts corporation with its principal place of business in Norwell, Massachusetts.

5. Vireo is a Tennessee corporation with its principal place of business in Madison, Tennessee.

6. The University is a state university located in Lincoln, Nebraska.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1121, 1331, 1338, 2201 and 2202.

8. Venue is proper in this forum pursuant to 28 U.S.C. §§ 1391(b) and (c), 1400(b), and the applicable law of this Court. Personal jurisdiction and venue are proper in this Court because of, *inter alia*, ProMera's corporate domicile and the fact that Vireo has engaged in commerce within this jurisdiction and continues to have substantial contact with this forum. Moreover, upon information and belief, the University has been and is doing business in this District, including without limitation, entering into one or more contracts with persons, corporations, or other business entities located in Massachusetts.

**CASE OR CONTROVERSY**

9. ProMera is a leading developer and marketer of sports supplements used by athletes to enhance performance and maximize work-out results. Since 2007, ProMera's product line has grown into over 40 high quality products including a variety of supplements that aid in increasing energy, endurance, strength, weight loss, fat burn, and decreasing post-workout recovery intervals while remaining compliant with the regulations of organized amateur and professional sporting organizations.

10. One of the supplements marketed by ProMera is creatine hydrochloride (HCl). Creatine HCl is believed to improve strength, increase lean muscle mass, and help the muscles recover more quickly during exercise.

11. ProMera's creatine HCl supplements are distributed under the ProMera CON-CRET and CON-CRET REINFORCED brands.

12. ProMera is the exclusive owner of incontestable U.S. Trademark Registration

No.: 3,222,738 for CON-CRET, listed on the Principal Register, granted March 27, 2007, and used for goods included within International Class 5. A copy of the registration from the records of the United States Patent and Trademark Office is attached to this complaint as Exhibit 3.

13. ProMera is the exclusive owner of U.S. Trademark Registration No.: 4,112,219 for CON-CRET REINFORCED, listed on the Principal Register, granted March 13, 2012, and used for goods included within International Class 5. A copy of the registration from the records of the United States Patent and Trademark Office is attached to this complaint as Exhibit 4.

14. ProMera is the exclusive owner of U.S. Trademark Application Serial No. 86,387,745 for CON-CRET BLACK, filed September 8, 2014 for goods included within International Class 5. A copy of the application status from the records of the United States Patent and Trademark Office is attached to this complaint as Exhibit 5.

15. The trademarks that are the subject of the foregoing registrations and application are referred to collectively hereinafter as ProMera's "CON-CRET Marks."

16. ProMera has invested substantial time, money, and effort in building the business conducted in connection with the CON-CRET Marks and in promoting its goods and services offered and to be offered in connection with the CON-CRET Marks.

17. In addition, ProMera has expended millions of dollars in marketing its goods and services under the CON-CRET Marks. For example, ProMera promotes its goods and services under the CON-CRET Marks on its website located at promerasports.com, in print advertising, at industry trade shows, through web retailers, brick and motor sales and social media. The stores that offer the CON-CRET products display advertising that bear the CON-CRET Marks

and the product is delivered in packaging bearing the CON-CRET Marks. Copies of the labelling included with the current CON-CRET creatine HCl products are included as Exhibit 6. By and through these efforts, ProMera has exclusively acquired substantial goodwill in trading under the CON-CRET Marks.

18. On or about March 22, 2011, ProMera and Vireo entered into a certain Product Development and Marketing Agreement ("PDMA") under the terms of which Vireo would serve as the sole provider of bulk creatine HCl to ProMera. The parties operated under this arrangement until early February 2015.

19. On February 4, 2015, Vireo sent a letter to ProMera purporting to terminate the PDMA and informing ProMera that Vireo had initiated litigation in Tennessee state court against ProMera for alleged breaches of the PDMA. Vireo refused to supply ProMera with further deliveries of creatine HCl. In its February 4 letter, Vireo further demanded that ProMera cease using ProMera's CON-CRET and CON-CRET REINFORCED marks arguing that the marks had become inextricably associated with the creatine HCl sourced from Vireo and alleging that any sale of third-party creatine HCl under the Con-CRET Marks would "be a violation of the federal and state trademark laws and will constitute an [sic] deceptive and unfair act by ProMera by passing off other products as the patent-protected products that are exclusively manufactured by Vireo." A true and correct copy of Vireo's February 4, 2015 letter is attached as Exhibit 7.

20. As a result of Vireo's actions, ProMera is forced to identify alternate sources of high-quality creatine HCl to meet its customers' specifications for the CON-CRET products. Vireo, however, is seeking to prevent ProMera from using any other source of creatine HCl.

21. On February 10, 2015, Vireo again wrote to ProMera threatening "willful and

knowing infringement of Vireo's patent rights" for the sale of creatine HCl sourced from any third party. Vireo further reiterated its threat that any distribution of creatine HCl from a source other than Vireo would constitute "passing off the non-patented product as the patented one and would deceive the public" and threatened to "inform retailers and consumers, as well as state and federal consumer protection agencies and order to protect retailers and consumers [from purchasing non-Vireo sourced creatine HCl]." A true and correct copy of Vireo's February 10, 2015 letter is attached as Exhibit 8.

22. On information and belief, Vireo's allegations are without substantial basis thereby making this case exceptional under 35 U.S.C. § 285 and entitling ProMera to an award of its attorneys' fees incurred in connection with defending and prosecuting this action due to Vireo's knowledge that the ProMera's creatine HCl does not infringe any valid claim of the '450 or '685 patents and/or that the '450 and '685 patents are invalid and/or unenforceable against ProMera.

23. There is a substantial and actual controversy between ProMera, Vireo and the University over whether ProMera's creatine HCl products, including the CON-CRET branded products infringe the '450 and '685 patents and whether the '450 and '685 patents are valid or enforceable.

24. Vireo's false allegations of infringement relating to ProMera's creatine HCl products and claims of passing off and false designation of origin have placed a cloud over ProMera's business.

25. There exists a clear and serious threat to ProMera's business so long as these issues regarding the '450 and '685 patents as well as the CON-CRET Marks remain unresolved. ProMera therefore needs and seeks resolution of the issues asserted in this action to lift this

cloud over its business.

26. ProMera is entitled to declaratory relief in order to avoid wrongful injury to the reputation of its goods and services in the marketplace and other direct injury suffered from Vireo's false allegations.

## COUNT I
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '450 PATENT)

27. ProMera repeats and realleges the foregoing allegations as though fully set forth herein.

28. ProMera is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '450 patent, either literally or under the doctrine of equivalents.

29. ProMera's products have not and do not infringe upon any valid and enforceable claim of the '450 patent, either literally or under the doctrine of equivalents.

30. Therefore, there exists an actual and justiciable controversy between ProMera and Vireo under the patent laws of the United States and ProMera is in need of a declaration of its rights and a determination whether its sales of creatine HCl products infringe Vireo's or the University's intellectual property rights.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '450 PATENT)

31. ProMera repeats and realleges the foregoing allegations as though fully set forth herein.

32. The '450 patent and each claim thereof is invalid for failing to comply with the conditions and requirements for patentability under 35 U.S.C. §§ 101, 102, 103 and/or 112.

33. Therefore, there exists an actual and justiciable controversy between ProMera and

Vireo under the patent laws of the United States and ProMera is in need of a declaration of its rights and a determination whether its sales of creatine HCl products infringe Vireo's or the University's intellectual property rights.

## COUNT III
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '685 PATENT)

34. ProMera repeats and realleges the foregoing allegations as though fully set forth herein.

35. ProMera is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '450 patent, either literally or under the doctrine of equivalents.

36. ProMera's products have not and do not infringe upon any valid and enforceable claim of the '450 patent, either literally or under the doctrine of equivalents.

37. Therefore, there exists an actual and justiciable controversy between ProMera and Vireo under the patent laws of the United States and ProMera is in need of a declaration of its rights and a determination whether its sales of creatine HCl products infringe Vireo's or the University's intellectual property rights.

## COUNT IV
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '685 PATENT)

38. ProMera repeats and realleges the foregoing allegations as though fully set forth herein.

39. The '450 patent and each claim thereof is invalid for failing to comply with the conditions and requirements for patentability under 35 U.S.C. §§ 101, 102, 103 and/or 112.

40. Therefore, there exists an actual and justiciable controversy between ProMera and Vireo under the patent laws of the United States and ProMera is in need of a declaration of its rights and a determination whether its sales of creatine HCl products infringe Vireo's or the

University's intellectual property rights.

## COUNT V
### (DECLARATORY JUDGMENT AS TO TRADEMARKS)

41. ProMera repeats and realleges the foregoing allegations as though fully set forth herein.

42. ProMera has been using its CON-CRET Marks and is in the process of substantially expanding the business that it is and will be conducting under the CON-CRET Marks. It has promoted, and is in the process of increasing its promotion of the CON-CRET Marks. After ProMera's substantial use, promotion, and investment, Vireo has now objected to ProMera's use of the marks, contending that the marks are inextricably linked to the '450 and '685 patents and further use of the marks would cause confusion to the public, constitute passing off non-patented product for patented product and violate consumer protection laws.

43. Therefore, there exists an actual and justiciable controversy between ProMera and Vireo under 28 U.S.C. § 2201 and ProMera is in need of a declaration of its rights and a determination whether ProMera's use of its CON-CRET Marks are tied to the '450 or '685 patents or otherwise infringe or interfere with Vireo's rights.

44. ProMera's use of the CON-CRET Marks in connection with its marketing and sale of product not practicing the claims of the '450 or '685 patents is not likely to cause confusion, or mistake, or deceive purchasers of ProMera's goods or services.

45. ProMera's use of the CON-CRET Marks in connection with its marketing and sale of product not practicing the claims of the '450 or '685 patents does not violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46. ProMera's use of the CON-CRET Marks in connection with its marketing and sale of creatine HCl based products is not likely to cause confusion, or to cause mistake, or to

deceive as to the affiliation, connection, or association of Promera's products with Vireo, or as to the origin, sponsorship, or approval of ProMera's goods or services by Vireo.

47. ProMera's use of the CON-CRET Marks in connection with its marketing and sale of product not practicing the claims of the '450 or '685 patents does not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. ProMera's use of the CON-CRET Marks in connection with its marketing and sale of product does not constitute trademark infringement under the statutory or common laws of the Commonwealth of Massachusetts, or the laws of other States.

49. ProMera's use of the CON-CRET Marks in connection with its marketing and sale of product does not constitute deceptive trade practices under the Commonwealth of Massachusetts' deceptive trade practices statute, G.L. c. 93A and it does not constitute unfair competition under the laws of the Commonwealth of Massachusetts or similar laws of any other state or common law.

50. Based on the foregoing, pursuant to 28 U.S.C. § 2201, ProMera is in need of a declaration of the rights and legal relations of the parties and is entitled to a declaratory judgment that Vireo is without right or authority to object to ProMera's use of its CON-CRET Marks or to seek to prevent ProMera's use on the basis of alleged infringement, unfair competition, or deceptive trade practices under federal or state law.

### REQUEST FOR RELIEF

Wherefore, ProMera prays for judgment in its favor and against Vireo as follows:

a. Declaring that ProMera has not infringed, contributed to the infringement of, induced the infringement of, and is not presently infringing, any claims of the '450 patent, either literally or under the doctrine of equivalence;

b. Declaring that the claims of the '450 patent are invalid;

c. Declaring that ProMera has not infringed, contributed to the infringement of, induced the infringement of, and is not presently infringing, any claims of the '685 patent, either literally or under the doctrine of equivalence;

d. Declaring that the claims of the '685 patent are invalid;

e. Declaring that ProMera's use of its CON-CRET and CON-CRET REINFORCED marks does not infringe or violate any of Vireo's rights and that Vireo is without right or authority to object to ProMera's use of the marks on the basis of alleged infringement, unfair competition, or deceptive trade practices under federal or state law.

f. Holding this case to be exceptional and awarding ProMera its attorneys' fees under 35 U.S.C. § 285;

g. Awarding ProMera its costs pursuant to Rule 54(d), Fed. R. Civ. P.; and

h. Granting any other relief the Court may deem appropriate under the circumstances.

**DEMAND FOR JURY**

ProMera respectfully demands a trial by jury of all issues so triable.

\* \* \*

Dated: February 27, 2015

Respectfully Submitted,
ProMera Health, LLC

By its attorneys,

/s/ David M. Magee
David M. Magee, BBO #652399
mageed@pepperlaw.com
William M. Taylor, BBO #624981
taylorw@pepperlaw.com
PEPPER HAMILTON LLP
125 High Street
High Street Tower
Boston, MA 02110-2736
617-204-5100

John C. Hansberry*
hansberryj@pepperlaw.com
Raymond A. Miller*
millerra@pepperlaw.com
PEPPER HAMILTON LLP
Suite 5000
500 Grant Street
Pittsburgh, Pennsylvania 15219-2507
412.454.5000

*Attorneys for ProMera Health, LLC*

* Pro hac vice motions to be filed