United States District Court
District of Massachusetts

```
_____
                                )
PROMERA HEALTH, LLC,            )
                                )
          Plaintiff,            )
                                )
          v.                    )     Civil Action No.
                                )     15-10595-NMG
VIREO SYSTEMS, INC.,            )
                                )
          Defendant.            )
_____        )
```

MEMORANDUM & ORDER

GORTON, J.

This is a trademark infringement case involving the marketing and distribution of certain creatine hydrochloride ("C-HCl") dietary supplements.

Pending before the Court is defendant's motion to dismiss the amended complaint or transfer venue to the District of Nebraska.  For the reasons that follow, the motion will be allowed, in part, and denied, in part.

I.  **Background and procedural history**

Plaintiff ProMera Health, LLC ("ProMera") is a Massachusetts limited liability company and, although it is the residency of such an entity's members and not its place of business that controls jurisdiction, plaintiff simply reports that its principal place of business is in Massachusetts. ProMera develops, markets and distributes dietary supplements

-1-

such as C-HCl products for use by athletes "to enhance
performance and maximize work-out results."  ProMera distributes
those C-HCl products under the brands of its CON-CRET, CON-CRET
REINFORCED and CON-CRET BLACK trademarks ("CON-CRET
trademarks").

Defendant Vireo Systems, Inc. ("Vireo") is a Tennessee
corporation with its principal place of business in Tennessee.
In March, 2011, ProMera and Vireo entered into a Product
Development and Marketing Agreement ("PDMA") under which Vireo
was to provide ProMera exclusively with C-HCl products in bulk.

After more than three years of business relations, Vireo
notified ProMera in early February, 2015 that it was terminating
the PDMA and its deliveries of C-HCl to ProMera.  Vireo
instructed ProMera by letter not to use its CON-CRET trademarks
in connection with C-HCl products and that:

> Any further use of the [CON-CRET and CONCRET-REINFORCED
> trademarks] by ProMera to market and sell C-HCl products
> subject to [Vireo's] patents will be a violation of the
> federal and state trademark laws and will constitute a[]
> deceptive and unfair act by ProMera by passing off other
> products as the patent-protected products that are
> exclusively manufactured by Vireo.

ProMera claims that Vireo did so in order to prevent it from
using its CON-CRET trademarks to sell C-HCl products obtained
from replacement sources.  On February 10, 2015, Vireo sent a
second letter to ProMera repeating its demand and threatening to

inform retailers, consumers and federal and state consumer
protection agencies of the alleged infringement.

In late February, 2015, ProMera filed a complaint in this
Court against Vireo that sought, <u>inter alia</u>, a declaratory
judgment that 1) it did not infringe Vireo's '450 and '685
patents, 2) those patents were, in any event, invalid and 3) its
use of the CON-CRET trademarks did not infringe or violate any
of Vireo's rights.

In May, 2015, ProMera amended its complaint to name an
additional defendant.  In June, 2015, Vireo filed the instant
motion to dismiss the first amended complaint or, in the
alternative, to transfer the case to the District of Nebraska
where Vireo had previously commenced a parallel action against
ProMera for patent and trademark infringement.

In October, 2015, while Vireo's motion to dismiss or
transfer remained pending in this Court, the District Court for
the District of Nebraska ("the Nebraska Court") denied ProMera's
motion in the parallel action to dismiss Vireo's complaint or to
transfer venue to the District of Massachusetts.  The Nebraska
Court found that, although the two cases involved the same set
of underlying facts, patents and trademarks, the action before
it would remain in the District of Nebraska based upon its
findings

that a sufficient connection exists between this action and Nebraska, that consideration of the convenience of the parties and the witnesses does not justify a transfer to Massachusetts, and that there exists no other factors concerning the interests of justice in this action.

In December, 2015, ProMera moved to file a second amended complaint in this Court that dismissed the patent claims and the other defendant, leaving only its trademark claim against Vireo for adjudication.  Vireo opposed the motion only with respect to the viability of the trademark claim and renewed its arguments for dismissal or transfer of that claim to the District of Nebraska.

The Court permitted plaintiff to file the second amended complaint and instructed the parties that, with respect to the remaining trademark claim against Vireo, it would treat Vireo's pending motion to dismiss or transfer as applicable to the second amended complaint and would address the viability of the trademark claim in a separate memorandum & order ("M&O") to follow.  This is that M&O.

## II.  Legal standards

### A.  Motion to dismiss a claim for declaratory judgment

The Declaratory Judgment Act provides that a federal court may "declare the rights and other legal relations of any interested party seeking such declaration" in a case of actual controversy. 28 U.S.C. § 2201(a).  An actual controversy exists when

the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

**B.   Motion to transfer venue**

A district court may transfer a civil action to another district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  The court has discretion to adjudicate a motion to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009).  The party seeking the transfer must show that it is warranted and must overcome the "strong presumption in favor of the plaintiff's choice of forum." Id. at 13.  Factors to consider include

> 1) the plaintiff's choice of forum, 2) the relative convenience of the parties, 3) the convenience of the witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interests at stake.

Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d. 514, 522 (D. Mass. 2012).

**III. <u>Application</u>**

The second amended complaint contains a single count and seeks

-5-

determination [of] whether ProMera's use of its CON-CRET Marks are tied to the '450 or '685 patents or otherwise infringe or interfere with Vireo's rights . . . [and a declaratory judgment that] ProMera's use of its CON-CRET and CON-CRET REINFORCED marks does not infringe or violate any of Vireo's rights and that Vireo is without right or authority to object to ProMera's use of the marks on the basis of alleged infringement, unfair competition, or deceptive trade practices under federal or state law.

ProMera asserts in the second amended complaint that its CON-CRET trademarks are not, as Vireo claims, "inextricably linked" to Vireo's '450 and '685 patents.  ProMera further contends that its use of those trademarks does not 1) cause confusion to, mistake by or deception of ProMera's customers with respect to the affiliation, connection or association of ProMera's products with Vireo or to the origin, sponsorship or approval of ProMera's products by Vireo, 2) amount to the "passing off" of non-patented products as Vireo-patented products or 3) constitute trademark infringement, unfair competition or deceptive trade practices under federal law, Massachusetts law or the law of any other state.

### A.  Vireo's motion to dismiss ProMera's claim for declaratory judgment

The second amended complaint alleges sufficient facts to demonstrate an actual controversy between ProMera and Vireo with respect to ProMera's use of its CON-CRET trademarks.  Vireo asserted in its first letter that ProMera's further use of the CON-CRET trademarks to market and sell C-HCl products

-6-

constituted trademark infringement, a deceptive and unfair act
and the passing off of third-party products as products patented
and exclusively manufactured by Vireo.  Vireo reiterated those
claims in its February 10, 2015 letter and threatened to report
ProMera to retailers, consumers and consumer protection
agencies.  Vireo also commenced a patent and trademark
infringement action involving the same facts, patents and
trademarks in the District of Nebraska.

    ProMera disputes those assertions and submits that they
present

> a clear and serious threat to [its] business so long as
> these issues regarding the CON-CRET Marks remain
> unresolved.  [It] therefore needs and seeks resolution
> of the issues asserted in this action to lift this cloud
> over its business.

More precisely, ProMera has alleged an "actual controversy"
pursuant to the Declaratory Judgment Act.  The trademark claim
for a declaratory judgment thus survives dismissal.

    Accordingly, Vireo's motion to dismiss the second amended
complaint will be denied.

    **B.   Vireo's motion to transfer venue**

    Vireo seeks to transfer the remaining trademark claim for
declaratory judgment to the District of Nebraska where it
previously commenced a parallel action against ProMera for
patent and trademark infringement based on the same underlying
facts, patents and trademarks.

The Nebraska Court has found that, with respect to the action before it, 1) venue is proper in the District of Nebraska, 2) transfer to the District of Massachusetts is unwarranted based upon the connection between the action and Nebraska, the convenience of the parties and witnesses and the lack of other factors concerning the interests of justice and thus 3) the action will remain in the District of Nebraska. Discovery in that action commenced in November, 2015.

Vireo presents persuasive arguments for transferring the remaining trademark claim to the District of Nebraska.  Its primary contention is that the parties are already engaged in extensive litigation on the same issues in the District of Nebraska and that those circumstances warrant a transfer of the instant action 1) in the interest of judicial economy, 2) for the avoidance of duplicative and piecemeal litigation and 3) to prevent the possibility of inconsistent judgments.

Vireo submits that the trademark claim in the instant action is "intertwined" with the patent claims in the parallel action because it involves a determination of whether ProMera marketed and distributed infringing products under its CON-CRET trademarks.  Vireo proclaims that, even though the action in this Court was the first-filed action, the Nebraska Court is relatively more familiar with the trademark claim and the underlying facts because it has already held conferences with

-8-

the parties, entered a scheduling order and commenced discovery
with respect to the patent and trademark issues.

ProMera responds that its remaining trademark claim is
independent of, and factually separate from, its patent claims
in the Nebraska action and that the instant action therefore
does not implicate judicial economy or piecemeal litigation.

Vireo also asserts that it is the injured party because
ProMera's use of the CON-CRET trademarks infringes its patent
and trademark rights and that, as such, transfer is warranted
based upon its preference for the action to proceed in Nebraska.
ProMera disagrees and maintains that it, not Vireo, is the
injured party because Vireo's false allegations of infringement
restrict its use of the CON-CRET trademarks.  ProMera asks this
Court to enforce its preference for its home forum of
Massachusetts based upon ProMera's rightful status as the
injured party and, more importantly, because it was the first
party to file an action in federal court.

Vireo counters that the location of key witnesses and
documents are in Nebraska which makes it more convenient for the
parties to litigate the issues in Nebraska.  Vireo explains that
1) the C-HCl product itself was invented and developed in
Nebraska, 2) discovery on the trademark issues will involve
third-party discovery from the University of Nebraska, the
entity that co-owns the patents with Vireo and employs two of

the three co-inventors, 3) two co-inventors live in Nebraska and the third co-inventor is already required to travel to Nebraska to participate in the parallel action, 4) Vireo produced the C-HCl products subject to the PDMA in Nebraska, 5) ProMera shipped the labels for those products to Nebraska for application during the production process and 6) representatives of ProMera traveled to Nebraska to discuss and review the production process on at least two occasions.

ProMera disputes Vireo's characterization of Massachusetts as an inconvenient forum by pointing out that Vireo regularly does business in Massachusetts and that it initiated a separate state action against ProMera in Massachusetts.  ProMera contends that Nebraska is an inconvenient forum for both parties because

> neither party to the trademark claim is from Nebraska and most of the witnesses and relevant documents are in Massachusetts (or Tennessee).

This Court finds that the declaratory judgment that Vireo seeks in Nebraska is, in effect, the mirror image of the declaratory judgment that ProMera seeks here.  Vireo, in the Nebraska action, seeks a declaratory judgment that ProMera may not use its CON-CRET trademarks on creatine products and that ProMera forfeited and/or abandoned those trademarks when Vireo stopped supplying ProMera with its patented C-HCl products. ProMera, in the instant action, seeks a declaratory judgment

that its use of the CON-CRET trademarks does not infringe or violate any of Vireo's rights under federal or state law.

This Court concludes that the instant action should be transferred to the District of Nebraska.  It cannot resolve the remaining trademark claim for declaratory relief without first addressing the patent infringement claims in the parallel action.  That is because, in this case, ProMera seeks a declaratory judgment that its use of the CON-CRET trademarks does not violate any of Vireo's rights, patent or otherwise. This Court declines to adjudicate patent claims that are properly before the Nebraska Court, particularly in light of its observation that the declaratory judgment sought in the Nebraska action is substantially the same as the declaratory judgment sought here.

Under these unique circumstances, judicial economy and the avoidance of duplicative proceedings outweigh the presumption in favor of plaintiff ProMera's choice of home forum in the first-filed case.  Transfer to the District of Nebraska will avoid unnecessary inconvenience to the parties and witnesses who have already incurred discovery and litigation obligations in that jurisdiction.

Accordingly, Vireo's motion to transfer venue to the District of Nebraska will be allowed.

## ORDER

   For the foregoing reasons, the motion to dismiss or
transfer venue by defendant Vireo Systems, Inc. (Docket No. 41)
is allowed, in part, and denied, in part.  The second amended
complaint survives dismissal but the action is hereby
transferred to the District of Nebraska for further
adjudication.

**So ordered.**

                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated January 8, 2016